Fremont-Smith, Thayer, J.
Defendants move for the Court to reconsider its denial, on August 23, 2006, of defendants’ previous motion to vacate the default judgment dated July 26,2006 and to grant defendants leave to file a responsive pleading. Plaintiffs present motion for reconsideration is accompanied by several affidavits which provide important facts which were not presented previously to the Court.
Suit was filed on May 12, 2006, alleging that payment of $56,560 remained unpaid on account of work performed under a construction contract regarding modifications to Shorters’ home in Lexington, Massachusetts. Defendants assert that work began in September 2005, but that on November 30, 2005, plaintiff demanded an unanticipated increase in contract price and threatened to quit work unless it was paid. On March 23, 2006, defendant’s then-counsel, Joseph C. Steinkrauss, advised plaintiff in writing that the con *526 struction contract was terminated. In response, plaintiff filed papers to impress a mechanics’ lien on the property on May 7, 2006, and filed suit on May 12. On May 26, Steinkrauss received a copy of the complaint but failed to file any responsive pleadings. Accordingly, a default was requested on June 20, 2006, a copy of which Shorter forwarded to Steinkrauss on June 25. Shorter also contacted Steinkrauss by telephone, who asserted that he was working on the papers and that he would get the default removed. Shorter’s wife also spoke to Steinkrauss on July 10, 2006. He told her that he would go to court on July 12 to get the default set aside, but he did not do this or take any other action. Finally, on July 17, 2006, Shorter retained new counsel, but before he had taken any action, judgment by default was entered on July 26, 2006 in the sum of $56,560 plus interest of $1,394.64, and copies were mailed to Shorter. On July 28, 2006, Shorters’ new counsel filed a motion to set aside the default and to vacate the default judgment, which I denied on August 23, 2006. After unsuccessfully seeking an interlocutory intervention of the Appeals Court, the present motion was filed on September 15, 2006.
Defendant asserts it would be a “gross miscarriage of justice” to be required to pay almost $58,000 as a result of the dereliction of his first attorney, Steinkrauss.
It does appear from the additional affidavits filed that the Shorters took reasonable steps to have their counsel defend the case, but that Steinkrauss incompetently failed to do so. It also appears from Shorter’s affidavit that there is a bona fide dispute, so that there could be “manifest injustice” if the default judgment is permitted to stand. As stated in Berube v. McKesson Wine and Spirits Co., 7 Mass.App.Ct. 426 (1979), at 431, courts are generally “reluctant to attribute to the parties the errors of their legal representatives.” Considering the factors bearing on the removal of a default judgment which are enumerated in Berube at 430, the Court finds that defendants (as distinguished from their counsel) “did act properly after entry of the judgment,” that defendants have “asserted facts by affidavit that the claims sought to be revived have merit,” that the “neglectful conduct occurred before trial” (indeed, it occurred only a couple of months after suit was filed), that “no prejudice has resulted to the other parly,” except unnecessary legal expense, and that “tire error is chargeable to the party’s legal representative rather to the party himself.” While Steinkrauss did consciously “choose a course of conduct” which foreseeably resulted in the default, all of the other factors enumerated in Berube militate against allowing the default to stand.

ORDER

Accordingly, defendants’ motion for reconsideration is ALLOWED, and the default judgment is VACATED. Defendants are given leave to file, within seven business days from the docketing of this Order, their responsive pleadings. Defendants shall pay to plaintiff its reasonable attorney fees and costs that have resulted from defendants’ failure to promptly respond to the complaint. [1]

If the parties cannot agree on the amount of these reasonable attorney fees and costs, they may make application to the Court in regard thereto.